# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60237
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL WAYNE MCPHERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:13-CR-188-3

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Wayne McPherson appeals his conditional guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. He filed a motion to suppress evidence obtained as the result of a traffic stop and search of a vehicle in which McPherson was a passenger. The motion was denied, and McPherson appeals that denial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60237

In our assessment of a denial of a motion to suppress evidence, we review "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

At the suppression hearing, the Government elicited evidence that Drug Enforcement Administration (DEA) agent Don Douglas obtained sufficient information to establish probable cause to believe that a vehicle would be traveling across Arkansas toward Mississippi and that it contained a quantity of methamphetamine. Douglas contacted DEA agent Dale Vandorple in Arkansas, advised him that agents in Mississippi had obtained sufficient information to establish probable cause to stop and search the vehicle, provided identifying information about the minivan and two of the three occupants, and asked for assistance in conducting the traffic stop. Vandorple then contacted Corporal Chris Goodman and provided him with pertinent information about the vehicle to be stopped; upon stopping the vehicle, Goodman identified McPherson as one of the occupants of the vehicle and discovered five pounds of methamphetamine. The district court denied the motion to suppress, concluding that under the collective knowledge doctrine, the information possessed by Douglas could be attributed to Goodman and that Goodman had received sufficient facts to support the stop and search.

Reasonable suspicion to stop a vehicle, or probable cause to conduct a search, may arise through the collective knowledge of the officers involved in the operation. *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013); *United States v. Clark*, 559 F.2d 420, 424 (5th Cir. 1977). Under the collective knowledge doctrine, an officer initiating the stop or conducting the search need

not have personal knowledge of the evidence that gave rise to the reasonable suspicion or probable cause, so long as he is acting at the request of those who have the necessary information. *See United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999). The collective knowledge theory applies so long as there is "some degree of communication" between the acting officer and the officer who has knowledge of the necessary facts. *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007).

McPherson does not dispute that Douglas possessed sufficient information to support probable cause to search the minivan or that he communicated that information to Vandorple. He also does not argue that Vandorple failed to advise Goodman of the necessary facts to support the stop and search. Instead, he argues that the collective knowledge has been narrowed in this circuit by *Ibarra* and requires that "the officer who has knowledge of the necessary facts" must communicate directly with "the acting officer." *Id.* McPherson maintains that because Douglas and Goodman never spoke directly to each other, there was not a sufficient "degree of communication" that would permit application of the collective knowledge doctrine. *Id.* He has not shown that the doctrine requires such direct communication. *See id.* at 529. Because "there was communication" between Douglas, Vandorple, and Goodman, and because Douglas knew sufficient facts supporting the stop and search of the vehicle, the district court properly applied the collective knowledge doctrine. *Id.* at 531; *Ibarra-Sanchez*, 199 F.3d at 759. Accordingly, the judgment of the district court is AFFIRMED.